## HIRAM HARWOOD ET AL. *v.* D. H. BALDWIN & Co.

[Abstract Kentucky Law Reporter, Vol. 4—253.]

**Contract of Sale of Personalty.**
> The fact that a contract for the sale of personal property is denominated a renting contract does not make it a renting contract.

### APPEAL FROM KENTON CIRCUIT COURT.

September 12, 1882.

OPINION BY JUDGE PRYOR:

The identical question involved in this case was determined by this court in the case of *Greer v. Church,* 13 Bush (Ky.) 430, the only difference being that in the reported case the property sold had been purchased by a stranger. There can be no doubt from the written agreement between the parties but that they understood the stipulations of the contract as evidencing a sale and not a renting, and while it may be styled a renting in the agreement it does not make it so. Twenty-five dollars was paid in hand and the vendee was to pay and did pay $75. All these payments, it is insisted, are to be regarded as so much paid for

the use of a piano that was worth only $350, and the vendee was required to surrender the property after the payment of $240 of the purchase-money.

The appellees doubtless had two objects in view in making such a contract. The first was to protect them against a purchaser from the vendee, and this was not accomplished by its terms, as was decided in *Greer v. Church.* The second object was to secure the payment as between the parties of the balance of the purchase-money by retaining a lien so that they might subject the property to the payment of the unpaid purchase-money. It is a mortgage in the pocket of the appellees and as between the parties should be enforced. The judgment below is therefore *reversed* and cause remanded with directions to permit the appellees to amend their petition and transfer the case to the equity docket that the property may be sold to satisfy the unpaid purchase-money.

*T. F. Hallam, for appellant.*

*J. F. & C. H. Fisk, for appellees.*